UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBISEL AGUILAR PEREZ,<br><br>              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>              Respondents. | Case No.: 3:25-cv-3522-CAB-MMP<br><br>**ORDER DENYING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 3] |

Pending before the Court is Rubisel Aguilar Perez's Amended Petition for a Writ of Habeas Corpus. [Doc. No. 3 ("Amended Petition")]. Petitioner claims that his continued detention by Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act, procedural and substantive due process, and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Doc. No. 3 at 2.] Respondents filed a return to the Petition. [Doc. No. 6.] Petitioner did not file a traverse. The Court finds Petitioner's motion suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the following reasons, the Amended Petition is **DENIED**.

I.   **BACKGROUND**

Petitioner is a citizen and national of Cuba who arrived in the United States on June 19, 2021. [Doc. No. 3 at 2; Doc. No. 6 at 2.] Shortly after arrival, he was referred for a

credible fear interview, and an asylum officer made a negative credible fear finding. [Doc. No. 6 at 2.] Petitioner was released by Immigration and Customs Enforcement ("ICE") on July 22, 2021. [*Id.*] On May 10, 2022, an immigration judge affirmed the negative credible fear finding and ordered Petitioner's removal. [*Id.*]

On October 3, 2025, ICE arrested and detained Petitioner to execute his removal order. [*Id.*] On November 19, 2025, Cuba refused to accept Petitioner's repatriation. [*Id.*] ICE then twice tried to remove Petitioner to Mexico; Petitioner refused both times. [*Id.*] According to Respondents, "ICE-ERO is actively working to identify a third country to which Petitioner may be removed and provide Petitioner with at least 24 hours' notice prior to removal." [*Id.*]

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Respondents argue that Petitioner's wife, Ms. Torres Sanchez, lacks standing to bring the Amended Petition as "next friend." [Doc. No. 6 at 2–3.] Under 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." The Ninth Circuit has used the concept of next-friend standing to evaluate the propriety of a habeas petition filed by someone acting on behalf of a habeas petitioner under § 2242. *See Coal. of Clergy, Laws., & Professors v.*

*Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002).  "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford,* 244 F.3d 1192, 1194 (9th Cir. 2001).

Here, Ms. Torres Sanchez is Petitioner's wife, satisfying the second prong of the next-friend inquiry.  The more difficult question is whether the Amended Petition demonstrates Petitioner's inability to litigate his own case.  The Amended Petition states that Petitioner is currently detained at the Otay Mesa Detention Center (OMDC) and "is unable to physically file or submit documents to the Court." [Doc. No. 3 at 1.]  The Court is familiar with the difficulties inherent in pro se proceedings involving detained individuals.  However, this judicial district has received numerous pro se filings from OMDC detainees over the past six months.  Without specific allegations regarding Petitioner's individual inability to file, the Court finds that the first prong of the next-friend inquiry is not met.

Additionally, "[w]hile a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)).

Ordinarily "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).  Here, however, the Court finds amendment would be futile because—even assuming the petition could be amended to allow Ms. Torres Sanchez to proceed in the role of next friend—Petitioner has been detained for approximately four months, two months shorter than *Zadvydas'* six-month presumptively reasonable period of detention.  See *Zadvydas*, 533 U.S. at 701; see also *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend

when amendment would be futile."). Given this, amendment of the pending habeas petition would be futile.

## IV. CONCLUSION

Accordingly, the Court **DENIES** the Amended Petition for a writ of habeas corpus. If Petitioner remains in detention after *Zadvydas'* six month presumptively reasonable window has passed, Petitioner may file a new petition.  <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: February 12, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge